**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
JUDE DESTRO and                :
VIRGINIA DESTRO                 :
          plaintiff            :
                                :
                                :
                                :
          v.                    :      CIVIL ACTION NO. 08-cv-4776
                                :
HACKENSACK WATER COMPANY,:
UNITED WATER RESOURCES          :
COMPANY, UNITED WATER           :
RESOURCES COMPANY-NEW           :
JERSEY,UNITED WATER-            :
SUEZ INC.,UNITED WATER          :
INC., UTILITY                   :
WORKERS UNION OF                :
AMERICA-LOCAL 375,              :
JOHN MENZEL, MIKE LEAHY         :
JACK POLK, PERRY RUTA,          :
ROBERT IACULLO, CHARLES         :
WALL, ANTHONY HARDING           :
JOHN DOES (1-10) AND            :
ABC CORPORATION (1-10)          :
                                :      AMENDED COMPLAINT
          defendants           :
_____:
```

Jude Destro and Virginia Destro, plaintiffs, of 62 Jamros Terrace, Saddle Brook, New Jersey, by way of complaint against the defendants say:

### FIRST COUNT (Breach of Section 2.2 of Employee Manual)

1. Plaintiff, Jude Destro, was hired in 1970 by Hackensack Water Company. Hackensack Water Company than became United Water Resources Company and United Resources Company- New Jersey, and finally in 1999 became what is now United Water-Suez, Inc.

2. On May 16, 2006, plaintiff, while at work, had a
   mental breakdown while at the Hackensack Yard.  This
   mental breakdown was the result of years of
   disparaging comments and unfair treatment incurred by
   plaintiff while working for defendants.

3. Said unfair treatment has occurred for many years.  On
   March 25, 1981, plaintiff, while walking from his
   locker to the garage was taken by two of his superiors
   Mr. Jackson and Mr. Vercelli to a cage in the
   mechanic's area. He was placed in the cage, which then
   locked, at which time the two men stated, "Fuck him",
   and they left him there for over an hour.

4. In the summer of 2002, while speaking with Mike Toone,
   a fellow employee, he stated to me that "this company
   will be a better place when all you Italian foremen
   are out of here and that this is nothing but a
   nigger's job".

5. Further, Mike Toone, during working hours on the job,
   has made threats against plaintiff and his family.

6. Throughout plaintiff's period of employment with
   defendants, there have been problems with disparate
   treatment of employees with regards to overtime hours.
   In 1997, after filing a grievance through his union,
   plaintiff won said grievance requiring equalized

overtime hours.  However, since that time, the
equalized overtime system that was put in effect had
not been actually implemented by the company.  The
same people have continued to get more than their
share of overtime, while others such as plaintiff have
suffered.  This has caused great economic damage
towards the plaintiff.

7. In 1994, during a meeting, Mr. Bogosian said to me,
"I am going to scalp your head".  This was said in front
of other supervisors including Frank Jackson, Mike Leahy
and John Menzel.

8. Defendant, Jack Polk, during a meeting, told plaintiff
   to "shut my big mouth", when he stood up for my
   rights.  He did this in the presence of supervisors
   and employees.

9. Throughout the years, plaintiff has endured harassment
   by defendants, John Menzel and Mike Leahy, who have
   consistently attempted to injure plaintiff's
   reputation as an excellent foreman by making
   derogatory remarks concerning his work, and by keeping
   him off of major jobs, and putting laborers with much
   less time and experience on big water main breaks, and
   by unreasonably cutting his overtime.

10.     In 2005, during a meeting, Mike Leahy, in front
of many employees and supervisors of the company said
to plaintiff, "You fucking leaders", attacking him for
standing up for the rights he had as an employee and
union member.

11.     Defendant Charles Wall had knowledge of this
conduct and the cover-up thereof, and chose not to do
anything about it, claiming that it was a union
problem.

12.     As a result of these and numerous other incidents
in which plaintiff has been disparaged and belittled,
plaintiff had a mental breakdown as stated above.
Because of this breakdown, plaintiff was forced to be
removed from the job and get serious and severe
medical neuro-psychiatric and psychological treatment.

13.     Defendants are the employers of a substantial
number of people.

14.     Defendants circulated a human resources policy
manual, governing all of the policies of the defendant
company.

15.     Defendants' breached said manual, specifically
section 2.2, governing harassment.  Said section says
"It is the policy of United Water to promote and
maintain a work environment in which all employees are

treated with respect and decency.  No form of
discriminatory or disrespectful conduct by or toward
any employee, regardless of the source, will be
tolerated and the policy is intended to apply to
employees, vendors, clients and visitors".

16.    Defendants had knowledge of the many instances of
harassment and disrespectful conducted directed at
plaintiff, beginning in 1974, through the present day,
as mentioned above

17.    Defendants did not, however, do anything
whatsoever to stop this conduct, and even promoted the
conduct at the middle management level, with the
active knowledge and participation of the defendant
union.

18.    Defendant's knowledge of all of these acts of
workplace torture and harassment is further evidenced
in the defendant company hiring Joseph Scherer, an
investigator, to look into the continuous and
systematic workplace harassment of plaintiff, which
resulted in an apology letter to plaintiff from the
defendant company's CEO and President, Co-defendants
Robert Iacullo and Anthony Harding.

19.    Defendants therefore, breached section 2.2 of the
employee manual given to all employees.

20.    Defendant's actions, collectively, jointly and
       severally, in the systemic harassment and workplace
       torture of plaintiff, caused plaintiff to sustain
       serious, severe and permanent injury.

**WHEREFORE,** plaintiff demands judgment against all
defendants for damages, together with lawful interest and
costs of suit.


**SECOND COUNT (Breach of Section 3.1 of Employee Manual)**

1.    The Plaintiff repeats and reiterates the allegations
      contained in the first Counts of this Complaint as
      though set forth herein at length.

2.    Section 3.1 of the defendant's employee manual says
      that the company maintains standards of employee
      conduct necessary to ensure efficient operations and
      to maintain high ethical and legal standards.  It
      further says that all employees are expected to
      treat others with respect and dignity and that when
      an employee acts in a manner inconsistent with
      expected standards of behavior, corrective action
      becomes necessary.

3.    Throughout the entire history of episodes with
      regards to the workplace harassment and torture of
      plaintiff by defendants, no corrective action has

been taken, in spite of the defendant company's knowledge of all of the instances of harassment.

4.   Defendants therefore, breached section 3.1 of the employee manual given to all employees.

5.   Defendant's actions, collectively, jointly and severally, in the systemic harassment and workplace torture of plaintiff, caused plaintiff to sustain serious, severe and permanent injury.

**WHEREFORE**, plaintiff demands judgment against all defendants for damages, together with lawful interest and costs of suit.


**THIRD COUNT (Breach of Section 7.1 of Employee Manual)**

1.   The Plaintiff repeats and reiterates the allegations contained in the first and second Counts of this Complaint as though set forth herein at length.

2.   Section 7.1 of the employee manual states, "It is the policy of United Water to provide its employees with a safe and healthy work environment…"

3.   Defendant, in failing to address the discriminatory and harassing behavior directed at plaintiff, failed to provide plaintiff with a safe work environment, as promised under section 7.1 of the manual.

4.   Defendants therefore, breached section 3.1 of the
     employee manual given to all employees.

5.   Defendant's actions, collectively, jointly and
     severally, in the systemic harassment and workplace
     torture of plaintiff, caused plaintiff to sustain
     serious, severe and permanent injury.

**WHEREFORE,** plaintiff demands judgment against all
defendants for damages, together with lawful interest and
costs of suit.


<u>**FOURTH COUNT (Breach of Section 8.1 of Employee Manual)**</u>

1.   Plaintiff repeats and reiterates the allegations
     contained in the first, second and third counts of
     this Complaint as though set forth fully herein at
     length.

2.   Section 8.1 of the employee manual states that
     "Employees are responsible for their personal conduct
     and must not engage in or tolerate unethical acts,
     even at the direction of another person."

3.   Defendants engaged in unethical acts, tolerated
     unethical acts, and failed to discipline employees
     who engaged in such acts, in violation of this
     section.

4.  Defendants therefore, breached section 3.1 of the employee manual given to all employees.

5.  Defendant's actions, collectively, jointly and severally, in the systemic harassment and workplace torture of plaintiff, caused plaintiff to sustain serious, severe and permanent injury.

**WHEREFORE,** plaintiff demands judgment against all defendants for damages, together with lawful interest and costs of suit.

## FIFTH COUNT (CONSTRUCTIVE DISCHARGE)

1.  Plaintiff repeats and reiterates the allegations contained in the first, second, third and fourth counts of this Complaint as though set forth fully herein at length.

2.  The long systemic practice by defendants, in discriminating against and tormenting plaintiff lead to and caused plaintiff's mental breakdown, and mental and physical disability, causing him to become unable to perform his job duties any longer, thereby constructively discharging him.

**WHEREFORE,** plaintiff demands judgment against all defendants for damages, together with lawful interest and costs of suit.

## SIXTH COUNT (ECONOMIC DAMAGES)

1.Plaintiff repeats and reiterates the allegations contained in the first, second, third, fourth and fifth counts of this Complaint as though set forth fully herein at length.

2. As a result of the actions of all defendants herein, plaintiff has been caused to suffer extreme economic damages.

3. Plaintiff being caused to have less overtime hours has greatly reduced his earning capacity, and also greatly reduced his pension.

4. Plaintiff being caused to be out of work has further caused him to suffer a loss of earnings.

5. All of these economic losses are the result of defendants' outrageous, negligent, and even intentional conduct, described above.

**WHEREFORE,** plaintiff demands judgment against all defendants for damages, together with lawful interest and costs of suit.

## SEVENTH COUNT (Civil Rico)

1.   Plaintiff repeats and reiterates the allegations contained in the First, second, third, fourth, fifth and sixth Counts as if same were set forth at length herein.

2.Defendants, through their actions in intentionally and wrongfully making disparaging comments towards plaintiff, treating plaintiff unfairly in regards to overtime hours, and in making threats towards plaintiff violated N.J.S.A. 2C:41-1 et.seq.

3.These defendants, through their actions, showed a pattern attempting to ensure that plaintiff was no longer employed by Defendant.  These defendants, through their actions, further ensured that plaintiff would be unable to meet his earning capacity in stealing his overtime hours that he had rightfully earned throughout his years of service with defendant.  Further, defendant's wrongful actions financially devastated the plaintiffs, by wrongfully interfering with all of the plaintiff's terms and conditions of employment, his pension and his benefits.

4.These defendants engaged in this pattern of conducts with the intent to permanently and severely injure plaintiff's ability to perform his job.

5. Therefore, Defendants actions were violative of New Jersey's Civil Rico Act, N.J.S.A. 2C:41-1 et. Seq.

**WHEREFORE**, plaintiff demands judgment against defendants for damages, treble damages, attorney's fees, costs of suit, and any and all other relief the Court deems just.

## EIGHTH COUNT (Union)

1. Plaintiff repeats and reiterates the allegations contained in the First, second, third, fourth, fifth, sixth and seventh Counts as if same were set forth at length herein.

2. Plaintiff, throughout his employment has been a member of the Utility Workers Union of America, and more specifically, the Utility Workers Union of America-Local 375.

3. Throughout plaintiff's time working for defendants, the defendant Union has failed to adequately represent him during the grievance process, and, in fact, abandoned the plaintiff as an aggrieved and injured party.

4. Plaintiff has been left to feel as though he has no Union support and that he is on his own during the grievance process.

5.  In March, 2007, one of plaintiff's union representatives, defendant Perry Ruta, who was supposed to be helping plaintiff, told plaintiff to "Go fuck yourself".

6.  On December 21, 2007, there was a mediation scheduled for a grievance filed by Destro regarding equalized overtime.  Destro was represented by Local 375 at this mediation at which time it both side agreed to binding arbitration.  However, since this date, despite Destro's attempts to find out about when this arbitration would occur, the Local 375 and Perry Ruta have completely abandoned plaintiff and no arbitration has been held or scheduled.

7.  Further, plaintiff was out on disability from September 21, 2007 until October 12, 2007.  Metlife denied his disability claim for this period.  Local 375 and Ruta had 20 days to file a grievance, which plaintiff requested they do.  They failed to do so, causing plaintiff severe and permanent economic damages.  On January 25, 2008, they told Destro to file for worker's compensation instead, which was no appropriate as there was no accident on the job. This is another instance of abandonment.

8.  Also, plaintiff was out on disability from March 10, 2008 until July 14, 2008. Under the Union's constitution, upon return from disability, plaintiff was entitled to a $150.00 payment from the Union. The Union told him they would not give this money to him, and in fact did not give it to him, causing economic damages and abandonment.

9.  As a result of the inaction and abandonment on the part of Local 375 and Ruta, plaintiff suffered from elevated blood pressure, anxiety, panic attacks and post traumatic stress disorder. Plaintiff was prescribed Xanex to treat these issues, causing him to lose his commercial driver's license on February 13, 2008, which led to plaintiff not being able to bid for a higher leader position where a CDL is required. Plaintiff has been cleared by his doctor on July 14, 2008 and September 8, 2008, however his CDL has still not been restored. I requested the Union and Ruta help me with this matter, but they have completely abandoned me once again, failing to take any action.

10. This is the type of treatment plaintiff has been forced to endure, from his own union and its

representatives, during his struggles working for defendants.

11.   These actions of the defendant Union are a breach of the duty of fair representation that is placed upon a Union as to representing each of its members.

**WHEREFORE**, plaintiff demands judgment against defendants for damages, treble damages, attorney's fees, costs of suit, and any and all other relief the Court deems just.

## NINTH COUNT (UNION)

1. Plaintiff repeats and reiterates the allegations contained in the First, second, third, fourth, fifth, sixth, seventh and eighth Counts as if same were set forth at length herein.

2. Following Judge Chesler's order of April 1, 2009, there was caused to be placed on the locker of plaintiff a sign reading, "DISMISSED! Your Gonna Rot". This letter is believed to have been placed on the locker by union leaders/United Water employees in at attempt to psychologically injure and upset plaintiff.

3. This sign did, in fact, cause significant and permanent psychological injury to the plaintiff.

4. Defendant Union has a duty to fairly represent plaintiff as they would all other union members, and

breached said duty by antagonizing plaintiff with
these remarks on his locker.

**WHEREFORE,** plaintiff demands judgment against defendants
for damages, treble damages, attorney's fees, costs of
suit, and any and all other relief the Court deems just.


### TENTH COUNT (Retaliation)

1. Plaintiff repeats and reiterates the allegations
   contained in the First, second, third, fourth, fifth,
   sixth, seventh, eighth and ninth Counts as if same
   were set forth at length herein.

2. The continued pattern of harassment against the
   plaintiff was consistently performed and allowed to be
   performed by all defendants in retaliation for
   plaintiff continually standing up for his rights and
   filing grievances.

3. Plaintiff objected to the practice of the employer in
   continuing to allow its supervisors and employees to
   engage in the harassing activity, all of which is
   clearly against public policy.

4. Any time plaintiff would grieve the actions of any of
   the defendants or other co-worker, he would be cursed

at and tormented and denied overtime hours as
punishment for filing the grievance.  The co-defendant
Union sat by an abandoned the plaintiff in his
struggle for a safe work place environment.

5. Therefore, defendants wrongfully retaliated against
plaintiff, causing serious and permanent damages, both
psychologically and economically.

**WHEREFORE**, plaintiff demands judgment against defendants
for damages, treble damages, attorney's fees, costs of
suit, and any and all other relief the Court deems just.


### ELEVENTH COUNT (HOSTILE WORK ENVIRONMENT)

1. Plaintiff repeats and reiterates the allegations
contained in the First, second, third, fourth, fifth,
sixth, seventh, eighth, ninth and tenth Counts as if
same were set forth at length herein.

2. The actions of each and every defendant, as stated
earlier, were harassing to plaintiff, and caused him
severe and permanent psychological injuries.

3. Further, following plaintiff's mental breakdown on May
16, 2006, plaintiff provided management with
information on his breakdown, including the

medications he was taking.  Management disregarded the information, and continued putting plaintiff in dangerous situations.  The company continued to have plaintiff drive trucks, using his commercial driver's license, even though the medication he was on made it unsafe for him to do so.  This situation caused great stress and anguish on the part of plaintiff.

4. Further, when plaintiff brought this situation to the attention of the Union, he was told by defendant Ruta to "Go fuck himself", and was given no help by the Union to get plaintiff assigned to jobs that were safe for him under the circumstances.

5. Therefore, plaintiff was discriminated against, and caused to work in a hostile work environment, because of his disability, in violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

**WHEREFORE,** plaintiff requests judgment against the defendant for:

(a)  back pay;

(b)  front pay;

(c)  lost benefits;

(d)  compensatory damages for humiliation, mental anguish and other pain and suffering;

(e)  punitive damages;

(f)   attorneys fees in accordance with N.J.S.A. 10:5-
      27.1;

(g)   interest and costs of suit;

(h)   any other such relief as the Court deems
      equitable and just.


## TWELFTH COUNT (HOSTILE)

1. Plaintiff repeats and reiterates the allegations
   contained in the First, second, third, fourth, fifth,
   sixth, seventh, eighth, ninth, tenth and eleventh and
   Counts as if same were set forth at length herein.

2. The incident above mentioned, whereby a sign was
   placed on the locker of plaintiff, on the property of
   defendant United Water, reading, "DISMISSED! Your
   Gonna Rot", created a hostile work environment for
   plaintiff.

3. This hostile work environment caused plaintiff severe
   and permanent emotional distress, which has also led
   to plaintiff being taken out of service on disability
   for neuro-pysch problems.

4. Therefore, defendant United Water is liable for the
   creation of a hostile workplace environment.

**WHEREFORE,** plaintiff demands judgment against defendants for damages, treble damages, attorney's fees, costs of suit, and any and all other relief the Court deems just.

### THIRTEENTH COUNT (DEFAMATORY INJURY TO REPUTATION)

1. Plaintiff repeats and reiterates the allegations contained in the First, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth Counts as if same were set forth at length herein.

2. Defendants, on multiple occasions, since plaintiff's employment with defendants began, have made multiple false statements of fact about plaintiff.  Said comments have been about plaintiff's work capabilities, his intelligence, his committing robbery against the company, and many other topics.

3.  Defendants acted negligently in failing to ascertain the truth or falsity of the statements before communicating the statements.

4. Defendants also made false statements knowing they were false.

5. These statements were related to third persons who understood that the communication was related to the plaintiff.

6. These statements injured plaintiff's reputation, thereby constituting defamation of plaintiff's reputation.

**WHEREFORE**, plaintiff demands judgment against defendants for damages, treble damages, attorney's fees, costs of suit, and any and all other relief the Court deems just.

## FOURTEENTH COUNT (Intentional Infliction)

1. Plaintiff reiterates each and every allegation contained in the first, second, third, forth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth Counts as though fully set forth at length herein verbatim.

2. Defendants' intentional conduct, described above, was severe and outrageous.

3. As a result of this severe and outrageous conduct, Plaintiff suffered severe, serious, and permanent emotional distress.

4.   This emotional distress was caused by the
intentional conduct described above.

**WHEREFORE**, plaintiff demands judgment against all
defendants for damages, together with lawful interest and
costs of suit.


## FIFTEENTH COUNT (Negligent Infliction)


1.   Plaintiff reiterates each and every allegation
     contained in the first, second, third, forth, fifth,
     sixth, seventh, eighth, ninth, tenth, eleventh,
     twelfth, thirteenth and fourteenth Counts as though
     fully set forth at length herein verbatim.

2.   Defendant's conduct, described above, was negligent.

3.   Plaintiffs suffered severe, serious, and
permanent emotional distress.

4.   This emotional distress was caused by the
negligent conduct described above.

**WHEREFORE**, plaintiff demands judgment against all
defendants for damages, together with lawful interest and
costs of suit.

## SIXTEENTH COUNT (Negligence)

1. Plaintiff reiterates each and every allegation contained in the first, second, third, forth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth thirteenth, fourteenth and fifteenth Counts as though fully set forth at length herein verbatim.

2. Defendants had a duty to keep the work environment safe, and ensure that all employees were not in harms way while on the job.

3. Defendants breached this duty in failing to act, after being notified multiple times of the outrageous conduct of its employees in making disparaging comments towards plaintiff and treating plaintiff unfairly.

4. Defendants further breached this duty by failing to make accommodations for plaintiff's disability, and making him perform jobs that were not safe for him to perform due to his disability, such as driving trucks while under the influence of prescription medication, that the company had knowledge he was taking.

5. The breach of this duty caused plaintiff to sustain serious and permanent damages, including but not limited to Post traumatic stress disorder, among other serious mental health conditions.

6. Therefore, defendants were negligent.

**WHEREFORE,** plaintiff demands judgment against all defendants for damages, together with lawful interest and costs of suit.


### SEVENTEENTH COUNT (Per Quod)

1. Plaintiff reiterates each and every allegation contained in the first, second, third, forth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth Counts as though fully set forth at length herein verbatim.

2. Plaintiff Virginia Destro is the wife of plaintiff Jude Destro.

3.  As a direct and proximate result of the actions of the defendants above described and of the injuries suffered by her husband as aforesaid, plaintiff Virginia Destro has and will in the future suffer the loss of usual services and consortium of her husband and has been otherwise injured.

**WHEREFORE,** plaintiff Virginia Destro demands judgment against the defendants, individually, jointly, severally,

and in the alternative for damages, interest and costs of
suit.

## EIGHTEENTH COUNT

1.   Plaintiff reiterates each and every allegation
contained in the first, second, third, forth, fifth, sixth,
seventh, eighth, ninth, tenth, eleventh, twelfth,
thirteenth, fourteenth, fifteenth, sixteenth and
seventeenth Counts as though fully set forth at length
herein verbatim.

2.   At all times herein mentioned JOHN DOE 1-10 (said
names being fictitious).

3. The defendants jointly, severally and collectively,
breached sections 2.2, 3.1, 7.1 and 8.1 of the employee
manual, created at hostile work environment, committed
intentional infliction of emotional distress, negligent
infliction of emotional distress, were negligent,
constructively discharged plaintiff, economically harmed
plaintiff, committed Civil Rico, breached the duty of fair
representation, retaliated against plaintiff and defamed
plaintiff.

4. As a direct and proximate result of the intentional and
baseless harassment by the defendants above described, the

plaintiff has suffered injury, mental anguish, disruption of the pursuit of his daily activities, and a deprivation of his ordinary enjoyment of life.

**WHEREFORE**, plaintiff, demands judgment against the defendant John Doe 1-10 (said name being fictitious), individually, jointly, severally, and in the alternative for damages, together with lawful interest and costs of suit.

## NINETEENTH COUNT

1.    Plaintiff reiterates each and every allegation contained in the first, second, third, forth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth and eighteenth Counts as though fully set forth at length herein verbatim.

2.    At all times herein mentioned ABC CORPORATION 1-10 (said names being fictitious).

3. The defendants jointly, severally and collectively, breached sections 2.2, 3.1, 7.1 and 8.1 of the employee manual, created at hostile work environment, committed intentional infliction of emotional distress, negligent infliction of emotional distress, were negligent,

constructively discharged plaintiff, economically harmed plaintiff, committed Civil Rico, breached the duty of fair representation, retaliated against plaintiff and defamed plaintiff.

4. As a direct and proximate result of the intentional and baseless harassment by the defendants above described, the plaintiff has suffered injury, mental anguish, disruption of the pursuit of his daily activities, and a deprivation of his ordinary enjoyment of life.

**WHEREFORE**, plaintiff, demands judgment against the defendant ABC Corporation 1-10 (said name being fictitious), individually, jointly, severally, and in the alternative for damages, together with lawful interest and costs of suit.


Dated: July 13, 2009                    /s/Richard S. Mazawey
                                        RICHARD S. MAZAWEY, ESQ.

***CERTIFICATION PURSUANT TO RULE 4:5-1***

**I hereby certify that the matter in controversy is not the subject of any other action pending in any Court.**

Dated: July 13, 2009                    /s/Richard S. Mazawey____
                                        **RICHARD S. MAZAWEY, ESQ.**

***DESIGNATION OF TRIAL COUNSEL***

Pursuant to Rule 4:25-4 Richard S. Mazawey, Esq., is hereby designated as trial counsel.

Dated: July 13, 2009                    /s/Richard S. Mazawey____
                                        **RICHARD S. MAZAWEY, ESQ.**

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 13, 2009

                                        /s/Richard S. Mazawey____
                                        **RICHARD S. MAZAWEY, ESQ.**
                                        **Attorney for Plaintiff**