NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUDE DESTRO AND VIRGINIA DESTRO, | : : : | |
| Plaintiff, | : : | Civil Action No. 08-04776 (SRC) |
| v. | : : : | OPINION |
| HACKENSACK WATER COMPANY, UNITED WATER RESOURCES COMPANY, et al. | : : : : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendants Utility Workers Union of America-Local 375 and Perry Ruta ("Defendants" or "Local 375/Ruta") to dismiss Counts Eight and Nine of Plaintiffs' Amended Complaint alleging breach of the duty of fair representation ("DFR"). Plaintiffs Jude and Virginia Destro ("Plaintiffs") have opposed the motion to dismiss. After consideration of the parties' briefing, the Court has determined that it will grant the motion in part and dismiss the motion in part. In the following discussion, the Court gives its reasons for the decision.

I.  **BACKGROUND**

Plaintiffs are employees of Co-Defendant United Water New Jersey. Local 375 is the

Union that represent the Plaintiffs and also a signatory to a Collective Bargaining Agreement with United Water New Jersey.  Defendant Ruta is President of Local 375.  On December 21, 2007 a mediation was scheduled for a grievance filed by Plaintiff regarding equalized overtime.  However, Plaintiff alleges that he has been abandoned since that time, as the grievance was not scheduled for arbitration until August 21, 2009.  The Complaint also notes that Plaintiff was out on disability from September 21, 2007 until October 12, 2007 and from March 10, 2008 until July 14, 2008.

Plaintiffs originally filed this action on April 7, 2008 in Superior Court of New Jersey, Law Division, Bergen County.  Defendants subsequently removed the case from Superior Court of New Jersey to this Court.  On October 14, 2008, Defendants Local 375, Ruta and the National Union moved to dismiss the Complaint.  On April 2, 2009, this Court granted the motion to dismiss [docket entry no. 24].  Thereafter, Plaintiffs filed a Notice of Motion, seeking to file an Amended Complaint.  Defendant National Union opposed this motion and was dismissed from the action.  Plaintiffs did, however, file an Amended Complaint on July 13, 2009.  Before the Court is Defendants Local 375 and Ruta's motion to dismiss Plaintiffs' Amended Complaint for failure to state a cause of action for breach of the duty of fair representation.

II.   DISCUSSION

   A.  Standard of Review

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims asserted in the Complaint for failure to state a claim upon which relief may be granted.  When evaluating the sufficiency of claims, the Court must apply the plausibility

standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.)

The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." Id. at 1949-50; Twombly, 550 U.S. at 555-57. While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (relying on Twombly to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

The Court must consider the Complaint in its entirety and review the allegations as a whole and in context. Iqbal, 129 S.Ct. at 1950. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents

attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record.  Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007).

### B.  Nature of a § 301/Duty of Fair Representation Claim Under the Labor Management Relations Act

As in this case, an employee may file suit against am employer for breach of a collective bargaining agreement.  Smith v. Evening News. Assn., 371 U.S. 195 (1962).  An employee may also file suit against a union for breach of the duty of fair representation.  The claim against the employer is referred to as a §301 claim, while the claim against the union is referred to as duty of fair representation ("DFR") claim.  An action asserting both of these claims is referred to as a hybrid §301/fair representation claim and amounts "to a direct challenge to the private settlement of disputes under [a collective bargaining agreement]." United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 66 (1981) (internal citations omitted).  A Union must uphold the interests of an employee vis-a-vis the collective bargaining agreement.  Electrical Workers v. Foust, 442 U.S. 42, 47 (1979) (internal citations omitted) ("[A] Union must fairly represent the interests of all bargaining unit members during the negotiation, administration and enforcement of the collective bargaining agreement."); Del Costello v. Int'l Bd. of Teamsters, 462 U.S. 151, 170 (U.S. 1983) ("duty of fair representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions.").

### C.  Failure to Schedule an Arbitration Concerning Equalized Overtime

The Complaint alleges that the Defendants breached the duty of fair representation by failing to schedule an arbitration with regard to Plaintiffs' grievance for equalized overtime.  On

December 21, 2007 a mediation was scheduled for a grievance filed by Plaintiff regarding equalized overtime. However, the grievance hearing was not re-scheduled for arbitration until August 21, 2009.

Defendants move to dismiss this allegation on the grounds that any alleged breach was cured, as an arbitration was eventually scheduled. Defendants also note that any delay in scheduling an arbitration was due to the fact that Plaintiff was absent from employment on disability for substantial time periods. The Complaint alleges that Plaintiff was out on disability from September 21, 2007 until October 12, 2007 and from March 10, 2008 until July 14, 2008. In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). It is plausible at this juncture that the delay in this case, despite Plaintiff's absence due to disability, could constitute a breach of the duty of fair representation. Electrical Workers, 442 U.S. at 47 ; Del Costello, 462 U.S. at 170. Defendants' motion to dismiss Plaintiffs' claim based on failure to schedule an arbitration concerning equalized overtime is hereby denied.

>   **D. Failure to File a Grievance Under the Collective Bargaining Agreement for Denial of a MetLife Disability Plan**

Plaintiffs' claim for failure to file a grievance for denial of a disability plan is dismissed. As previously held by this Court, a § 301 DFR claim for alleged failure to provide disability benefits is generally covered by ERISA and not § 301 of the Labor Management Relations Act. (See Order and Opinion dated July 7, 2009.) Plaintiffs simply fail to provide any authority for the proposition that a Union is Plaintiffs' collective bargaining representative responsible for

5

pursuing a grievance for denial of a disability plan.  Plaintiffs' reliance on <u>United Steel Workers of America, AFL-CIO-CIC v.  Rohm and Haas Co.</u>, 522 F.3d 324 (3d Cir.  2008) is misplaced.  Despite the dicta put forth by Plaintiffs, the holding of <u>Rohm</u>, as conceded by Plaintiffs, is that there was no right to arbitrate the denial of the disability benefits claim.  <u>Rohm</u>, 522 F.3d at 336.  Significantly, the benefit plan in this case has its own administrative procedure for claims processing and appeals, which are to be pursued by the underlying beneficiary.  The existence of such a procedure in the plan is plainly inconsistent with a requirement that claims by pursued through the grievance process set forth in the CBA.  The DFR claim based on a failure to file a grievance under the CBA for denial of a disability plan is hereby dismissed.

### E.  Failure to Receive a One-Hundred Fifty Dollar One-Time Payment From the Union Payable Under the Terms of the Union's Constitution

Plaintiffs' claim for failure to receive a one-hundred fifty dollar payment under the terms of the Union's Constitution is dismissed.  The Union By-laws state that "upon approval of the Executive Board, any member ill for three weeks or more shall receive one hundred fifty dollars."  Plaintiff has failed to state a claim that the failure to receive such a payment is a breach of the duty of fair representation.  As stated in the Union By-laws, the Executive Board had the *discretion* to approve or deny any such payments.  As posited, the duty of fair representation stems from the duty of a union to fairly represent employees during the administration and enforcement of the collective bargaining agreement.  <u>Electrical Workers</u>, 442 U.S. at 47.  The denial of a one-hundred and fifty dollar discretionary benefit in this case is not a breach of that duty.

6

### F. Failure to Help Restore Plaintiff's Commercial Driver's License

Plaintiffs have failed to state a claim for breach of the duty of fair representation based on the alleged failure of the Union to help reinstate the Plaintiff's commercial driver's license (CDL). In short, the Complaint has failed to demonstrate any obligation of the Union to assist with obtaining a CDL. Electrical Workers, 442 U.S. at 47 (internal citations omitted) ("[A] Union must fairly represent the interests of all bargaining unit members during the negotiation, administration and enforcement of the collective bargaining agreement."). The Court is satisfied that the acquisition of a CDL in this case does not fall within the rubric of the negotiation, administration or enforcement of a collective bargaining agreement. Indeed, presumably a CDL is issued by the State government. Exactly how a union would have an obligation to assist Plaintiff in obtaining a proper State license is not even suggested. The Court notes that Plaintiff has failed to provide, and the Court has failed to locate, any precedent in support of the argument that failure to assist in the acquisition of a CDL is a breach of the duty of fair representation. The DFR claim based on the failure to restore a CDL is hereby dismissed.

### G. The Placement of a Sign on Plaintiff's Locker Stating "Dismissed! Your Gonna Rot"

Plaintiffs' claim that a sign directed toward Plaintiff stating "Dismissed! Your Gonna Rot" does not state a claim for breach of the duty of fair representation. Even if section 301 could cover an internal matter, it is clear that this occurrence does not touch of the negotiation, administration or enforcement of the CBA. Electrical Workers, 442 U.S. at 47. Furthermore, to the extent that the sign was placed by employees, Plaintiffs have failed to demonstrate that the

Union has a duty of fair representation in governing Plaintiffs' relationship with co-employees. Lastly, as with the CDL claim, the Court notes that Plaintiff has failed to provide, and the Court has failed to locate, any precedent in support of the argument that the placement of an insulting sign on Plaintiff's locker is a breach of the duty of fair representation.  Plaintiff's claim that the placement of the sign was a breach of the duty of fair representation is hereby dismissed for failure to state a claim upon which relief may be granted.

### H.  Claims Against Individual Defendant, Perry Ruta

The parties agree that any claims against Mr. Ruta do not arise out of § 301(b) of the LMRA, which explicitly provides that "any money judgment against a labor organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets." 29 U.S.C. § 185(b).  Relatedly, the Supreme Court has held that under § 301, it is the union that shall be held responsible for union wrongdoings.  <u>Atkinson v.  Sinclair Refining Co.</u>, 370 U.S. 238, 247 (1962).  The parties also agree that the claims against Mr. Ruta do not arise of out of the collective bargaining agreement.  These conclusions, however, do not end the Court's inquiry.

Plaintiffs state in their Opposition that they have filed a separate affirmative claim against Ruta for his actions towards the Plaintiff, both in representing him with the Union and in Ruta's actions towards the Plaintiff that caused Plaintiff severe and permanent psychological damages. The relevant inquiry, therefore, is whether the Complaint, as alleged, adequately states a claim for any tort based claims such as intentional or negligent infliction of emotional distress against Mr. Ruta.  As previously noted, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to

'state a claim for relief that is plausible on its face.' Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The Supreme Court has also posited about what will not suffice: "threadbare recitals of the elements of a cause of action," and conclusory statements "devoid of factual enhancement." Twombly, 550 U.S. at 555-57.

The Court is not satisfied that the Complaint, as plead, adequately states a claim for any tort based claims such as intentional or negligent infliction of emotional distress against Mr. Ruta. The Complaint, as a whole, and the specific tort counts fail to adequately allege how Mr. Ruta, himself, caused Plaintiff's emotional distress. Aside from alleging that Mr. Ruta abandoned Plaintiff and told Plaintiff to "go fuck yourself," the Complaint fails to allege how Plaintiff's emotional distress was caused by Mr. Ruta. Plaintiffs may make a motion to amend their Complaint pursuant to Federal Rule of Civil Procedure 15, predicated on sufficient allegations against Mr. Ruta that survive Twombly and Iqbal.

### III.   CONCLUSION

Plaintiffs' claims against Local 375 and Mr. Ruta are dismissed in part and granted in part. An appropriate Order will be filed.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: November 2, 2009