UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| **JUDE DESTRO AND VIRGINIA DESTRO,**<br>　　　　Plaintiffs,<br><br>v.<br><br>**HACKENSACK WATER COMPANY, et al.,**<br>　　　　Defendants. | **Civil Action No. 08-cv-4776 (CCC)(JAD)**<br><br>**OPINION** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon motion by United Water Defendants[1] seeking to enforce an alleged settlement agreement with plaintiffs Jude Destro and Virginia Destro (together, "Plaintiffs") in the above-captioned matter (ECF No. 87). The Court conducted a hearing on September 26, 2012. Upon consideration of the parties' submissions and for the reasons stated below, United Water Defendants' motion to enforce the settlement is **GRANTED**.

**I.　　BACKGROUND.**

The facts of this dispute are relatively straightforward. The parties participated in a mediation session on December 3, 2010 (the "Mediation"). United Water Defendants contend that a settlement agreement was reached during the Mediation; Plaintiffs contend not.

---

[1] "United Water Defendants," as defined herein, refer to defendants United Water New Jersey Inc. (improperly pled as Hackensack Water Company, United Water Resources Company, United Water Resources Company-New Jersey, United Water-Suez Inc. and United Water Inc.), John Menzel, Mike Leahy, Jack Polk, Robert Iocillo, Charles Wall, and Anthony Harding.

1

Following United Water Defendants' filing of a motion to enforce the settlement and an evidentiary hearing before the Honorable Stanley R. Chesler,[2] the parties consented to this Court conducting a final hearing and acting as the ultimate finder of fact to determine "whether an oral agreement was reached during [the Mediation] and, if so, the terms of the oral agreement." (Order, ECF No. 108). This Court held such a hearing on September 26, 2012, during which it heard the testimony of the neutral mediator, Victoria Blake-Greenaway ("Mediator Blake-Greenaway"), upon questioning by the parties.

The Court, as the finder of fact, must now determine whether the parties reached an oral settlement agreement during the Mediation.

### A. The Parties' Positions Regarding Whether a Settlement Was Reached.

United Water Defendants' position is that a settlement was reached. In support of their position, United Water Defendants point to the conduct of the parties following the Mediation, in particular to correspondence between the parties that forwarded a proposed settlement agreement, and a letter to the Court requesting the entry of a 60-day order of dismissal (discussed more fully below). In addition, United Water Defendants point to testimony by individuals who attended the Mediation that a settlement was reached and that the parties agreed upon certain essential terms, including a lump sum payment and Mr. Destro's retirement with pension benefits. Specifically, James Terranova, Senior Corporate Attorney for Defendants, attended the Mediation (Certification of Brett M. Anders ("Anders Cert."), Ex. G, Transcript of June 21, 2011 Proceedings before the Honorable Stanley R. Chesler ("Chesler Tr."), T7:13-17), and testified that an agreement was reached that day with terms as stated in the immediately following

---

[2] On June 21, 2011, Judge Chesler held a hearing with respect to the motion to enforce the settlement, and determined that because there was an issue of material fact as to whether an oral contract to settle the matter had been formed, the matter could not be resolved by the Court on motion, but needed to proceed to trial for a determination by a jury as finder of fact. (Order, ECF No. 95; Tr. of Proceedings, ECF No. 102).

section. (Id. at T7:9– T8:6). In addition, Tiffany Shannon – a Claims Analyst from Chartis, which is the insurance carrier for United Water Defendants – also attended the Mediation and testified that a settlement was reached with the same terms. (Id. at T45:5, 21-23 and T46:1-6). United Water Defendants concede that the specific details regarding Mr. Destro's pension options remained an open question after the Mediation, but argued the parties agreed to the essential terms regarding Mr. Destro's retirement and pension, namely that Mr. Destro would retire on April 1, 2011 and receive a money amount equivalent to the additional pension benefit he would have received had he worked two additional years prior to retiring.

Plaintiffs, however, argue that no settlement was reached during the Mediation. (Chesler Tr. T115:19-23)("[T]here was no deal")). Plaintiffs alleged that there was no agreement on various essential terms of the alleged settlement, including on the lump sum offered, because open questions remained with respect to Mr. Destro's pension options, which could supplement the proposed lump sum payment. (See Anders Cert., Ex. H, Transcript of April 4, 2012 Deposition of Richard S. Mazawey ("Mazawey Dep. Tr."), T10:2-T12:11). During his testimony before Judge Chesler, Mr. Destro testified that he did not agree to accept the lump sum amount of $225,000, and further stated that he told this to Mediator Blake-Greenaway during the Mediation. (Anders Cert., Ex. I, Transcript of April 4, 2012 Deposition of Jude Destro ("Jude Destro Dep. Tr."), T5:18-19). In addition, Plaintiffs asserted the parties did not come to an agreement with respect to another essential term of the alleged settlement, namely his retirement. Destro admits the parties discussed April 1, 2011 as a possible date for his retirement, but argued that there was not sufficient financial information regarding his pension options to make a decision at that time. (Id. at T7:4-T9:14).

B. Undisputed Facts and Terms of the Alleged Settlement.

Certain material facts are not contested:

1. On December 3, 2010, the parties engaged in a mediation (the "Mediation") before Veronica Blake-Greenaway ("Mediator Blake-Greenaway").

2. On December 17, 2010, United Water Defendants' counsel filed a letter on behalf of both parties requesting that former Magistrate Judge Shipp enter a 60-day order of dismissal. (Anders Cert., Ex. B).

3. On December 29, 2010, United Water Defendants sent a draft settlement agreement to Plaintiffs. In the transmittal letter, counsel for United Water Defendants noted that Plaintiffs had several pension options upon retirement and also noted that "in response to your question, we have been advised that Mr. Destro's medical coverage and the cost of such coverage will be the same regardless of whether he retires at age 60 or age 62." (Anders Cert., Ex. D).

4. On December 30, 2010, Plaintiffs' counsel advised that he sent the draft settlement agreement to his clients. (Anders Cert., Ex. E.). Counsel for Plaintiffs stated, "I would also ask as per our telephone conversation yesterday that you extend the time period for my client to sign the agreement in this matter to allow sufficient time for him to properly review his retirement benefit options."

5. On January 3, 2011, the Honorable Stanley R. Chesler entered an Order dismissing this matter pursuant to L. Civ. R. 41.1(b). (Anders Cert., Ex. C). No objection was filed by Plaintiffs.

6. On January 6, 2011, the parties again met and various pension options were presented to Plaintiffs. At the end of the meeting Plaintiffs' counsel told United Water Defendants his client would not go through with the settlement. (Anders Cert., Ex. B; Mazawey Dep. Tr. T51:12-25 – T52:1-4).[3]

United Water Defendants argued the parties agreed to the following essential terms during the Mediation:

1. Destro would retire from United Water effective April 1, 2011;

2. At the time of his retirement United Water would credit Destro with two additional years of service and pay him an amount equivalent to

---

[3] It is unclear whether Plaintiffs argue that the January 6, 2011 meeting was the first time that Plaintiffs announced there was no settlement or if it was at the conclusion of the Mediation. (See, Mazawey Dep. Tr. T24:1-5). In any event, it is not dispositive to this Court's decision. The Court notes, however, that Mr. Destro's testimony before Judge Chesler was not definitive on this point, despite counsel and the Court repeatedly asking Plaintiff what was said at the final joint session of the day. (See, Chesler Tr. T122-T126.)

4

the additional pension benefit he would have received had he worked the additional two years prior to retirement;

3. United Water would make a cash payment to the Plaintiffs in the amount of $225,000; and

4. Destro would remain out of work on a paid leave status until his retirement on April 1, 2011.

## II. LEGAL STANDARD.

This Court, in <u>McDonnell v. Engine Distributors</u>, re-stated the standards applicable to the issue of whether parties have reached an enforceable oral settlement agreement.

> It should first be noted that a settlement agreement is a form of a contract. <u>Mortellite v. Novartis Crop. Prot., Inc.</u>, 460 F3d 483, 492 (3d Cir. 2006) (citing <u>Borough of Haledon v. Borough of North Haledon</u>, 817 A.2d 965, 975 (N.J. Super. Ct. App. Div. 2003)). Courts therefore look to general principles of local contract law to resolve disputes over such agreements. <u>Id.</u>
>
> New Jersey has a strong public policy in favor of settlements. <u>Nolan v. Lee Ho</u>, 577 A.2d 143, 146 (N.J. 1990). Courts will therefore "strain to give effect to the terms of a settlement whenever possible." <u>Dep't of Pub. Advocate v. N.J. Bd. of Pub. Util.</u>, 5003 A.2d 331, 333 (N.J. Super. Ct. App. Div. 1985).
>
> Notwithstanding the strong policy favoring settlements, "[a] settlement stipulation should not be enforced 'where there appears to have been an absence of mutuality of accord between the parties or their attorneys in some substantial particulars, or the stipulated agreement is incomplete in some of its material and essential terms.'" <u>Bistricer v. Bistricer</u>, 555 A.2d 45, 47 (N.J. Super. Ct. Ch. Div. 1987) (quoting <u>Kupper v. Barger</u>, 111 A.2d, 73, 74-75 (N.J. Super. Ct. App. Div. 1955)).
>
> \* \* \* \* \* \* \*
>
> Additionally, under New Jersey law, it is sufficient if the parties orally agree on the essential terms, "even though they contemplate the later execution of a formal document to memorialize their undertaking." <u>United States v. Lightman</u>, 988 F. Supp. 488, 459 (D.N.J. 1997). Indeed, as long as those essential terms are agreed to, "the settlement will be enforced notwithstanding the fact that a

5

writing does not materialize because a party later reneges." Lahue v. Pio Costa, 623 A.2d 775, 788 (N.J. Super. Ct. App. Div. 1993).

No. 03-1999, 2007 WL 2814628, *1, *3 (D.N.J. Sept. 24, 2007),

For the reasons set forth below, the Court finds that United Water Defendants met their burden of proving the parties reached an agreement-in-principle for all essential terms of the oral settlement agreement. Accordingly, the settlement agreement must be enforced.

### III. DISCUSSION.

The issue before this Court is whether the Mediation yielded an enforceable settlement agreed upon by both Plaintiffs and United Water Defendants, and, if so, the terms thereof. Because this Court is asked to enforce an unexecuted agreement, it must base its decision upon whether the parties manifested an intention to be bound. McDonnel v. Engine Distributors, 2007 WL 2814628 at *3. The undertaking of performance by one party, concurred in by the other party, is strong evidence of an intention to be bound to an oral agreement, notwithstanding that a later execution of a formal contract is contemplated. Id.

The uncontested facts in the record support the Court's decision that a settlement was reached during the Mediation. For instance, United Water Defendants' letter advising the Court of the settlement, which Plaintiffs did not object to, evidences that both parties accepted that a settlement existed, and lends substantial weight to the argument that Plaintiffs also walked away from the Mediation thinking the matter had settled. There is no other plausible explanation. If Plaintiffs did not think a settlement was reached, their counsel had several avenues to pursue, including: (1) objecting to Judge Chesler's Order dismissing the case; (2) objecting to United Water Defendants' proposed settlement agreement, instead of passing it along to his clients with only a comment regarding pension options; (3) requesting a further mediation session. Plaintiffs did none of these. Although there may be explanation for all of this, the most logical conclusion

to draw – which is always the best – is that Plaintiff, like United Water Defendants, thought the matter was <u>essentially</u> settled. The only unresolved, non-essential element was for Plaintiffs to select a pension option. The Court uses its own professional experiences, as it must, in drawing the rational, logical conclusion from Plaintiffs' actions, notwithstanding their words now.

In addition, the Court finds telling the fact that it entered the Order of Dismissal on January 3, 2011, yet Plaintiffs remained silent until <u>after</u> attending a meeting with United Water Defendants to discuss the pension options in connection with the settlement.[4] Only then did Plaintiffs' counsel indicate that Plaintiffs were not prepared to settle.

Finally, and perhaps the most persuasive evidence, is the testimony of the neutral mediator. During the September 26, 2012 hearing, Mediator Blake-Greenaway testified that the parties did, in fact, reach a settlement. She further testified that no party who was present at the final joint session expressed any disagreement with the terms as she summarized them. (Ex. K, Transcript of September 26, 2012 Proceedings before the Honorable Joseph A. Dickson ("Dickson Tr."), T9:19-21). Mediator Blake-Greenaway was unable to remember the specific terms of the alleged agreement; however, the Court rejects Plaintiffs' argument that this undermines her testimony as to whether or not there was an agreed upon settlement at all. First, the specific terms of the agreement were not an issue for Ms. Blake-Greenaway's testimony in the same way as whether or not the parties reached an agreement. Second, Mediator Blake-Greenaway's testimony came to this Court almost two years after the Mediation. It is not unusual for a mediator to fail to remember the <u>terms</u> of a settlement, out of all the settlements she mediates, after a lapse of over two years. This Court observed her testimony and found her credible.

---

[4] There would be no other reason to discuss pension options. If no deal was reached, as Mr. Destro testified to, why would the parties meet to discuss existing pension options?

Importantly, Mediator Blake-Greenaway testified regarding an e-mail she sent to the parties after the Mediation on December 10, 2010, which thanked the parties for "the opportunity to assists [them] in the resolution of this matter". (Dickson Tr. T10:19 – T11:9). Mediator Blake-Greenaway testified that she would not have used the word "resolution" in her e-mail had the parties not reached a settlement. (Id. T11:17-21). Finally, Mediator Blake-Greenaway had no reason or motive to color her testimony. She had nothing to win or lose. This Court finds her credible. Mediator Blake-Greenaway's testimony, in conjunction with her e-mail, as well as the logical inferences set forth above, convince this Court that a settlement was unequivocally reached at the Mediation.

The terms of that settlement are found in the settlement agreement drafted by counsel for United Water Defendants and recited herein above. Plaintiff Jude Destro shall have until **30 days from the date of this Opinion** to choose his pension option. His failure to so choose shall be resolved by any remedies found in the pension documents.

### IV. CONCLUSION

For the foregoing reasons, United Water Defendants' motion to enforce the settlement (ECF No. 87) is **GRANTED**.

SO ORDERED

*(signature)*
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Claire C. Cecchi, U.S.D.J.

8